Caruthers, J.,
delivered the opinion of the Court.
On the 3d of August, 1857, a judgment was rendered by A. M. Garrett, a justice of the peace for Overton county, in *347 favor of R. S. Hollins & Co., against R. S. Windle & S. M. Keeton, for $430.93. This judgment was entered upon his docket, hut not on the warrant, or any other paper. Upon the written order of H. D. Johnson, dated on the 4th of August, 1857, he entered his name as stayor upon his docket. The execution issued upon this judgment against the defendants, and Johnson, as stayor, on the 12th of May, 1858, and levied on the 31st of the same month upon five mules of Johnson, was superseded, upon his petition, on the same day.
The case was submitted to a jury, who, as the record states, “rendered a judgment for the defendant.” This is all that is stated as to the action of the jury, and there is nothing said as to what judgment was rendered by the Court upon it. The plaintiffs, however, “moved the Court for a new trial, and in arrest of judgment,” which were refused, and an appeal in error by the plaintiffs.
Without regard to these informalities and imperfections, or any questions that might be made upon them, we will dispose of the case on the grounds upon which the rights of the parties must depend. The questions in this kind of cases are for the Court, and if he calls upon a jury to pass upon them, it is only to aid him in arriving at conclusions. In cases of this description, the object of the certiorari is not to obtain a new trial upon the merits, but to supersede the execution upon other grounds. In the former case, the office of the certio-rari is only to bring up the case for a new trial, as if an appeal had been taken. Eor that reason good cause must be shown for failing to resort to the ordinary remedy by appeal, in addition to merits. But here, the object of the petitioner is to supersede and quash the execution for causes connected with the merits ; the grounds pursued in the petition, and no others, are open for investigation. The petitioner points out such grounds of objection as he chooses to rely upon, and all else is, by implication, admitted to be right, or other objections which might be made, are waived or abandoned. Let this case illustrate the principle. The petitioner is proceeded against as stayor. He says he is not bound, be *348 cause there was no judgment against his principals, and that is indispensable to make him liable as stayor; He does not 'see proper to object to the sufficiency .of his order tó the magistrate to render him liable. He is not bound to avail himself ■of that objection, though it may exist, but may, if he chooses, waive it. If the ground upon which he places his case in his ówü petition, should fail him, on the investigation, he will not he allowed to pass out of his petition, and- stand upon some otbei* objection, of which his petition gives no notice. In a proper case, he might be allowed to amend. But where that is not done, he must be confined to the case made in his petition;
The single ground in this case, upon which the defendant succeeded, as we presume, is stated in the short but clear and pointed instructions given by the Court to the jury. He charged, “ that the order for stay read is insufficient to bind Johnson, and it is not sufficient to render the judgment against him valid.” There was, of course, nothing left for the jury to decide. But that is not material, if the position assumed by the Judge is correct, and upon the question before the Court.
But that was not the point made in the petition. No objection was made to the authority upon which his name was entered as stayor; The ground stated and relied upon is, “ that there is no such judgment as that (of Hollins & Co. v. Windle Keeton) to be found, as he is informed and believes, before Garrett, or any other justice. He states, that Hollins and others did sue Windle & Keeton before Garrett, for some amount — the warrant was returned for trial before Garrett— •but no judgment was entered, as he is informed and believes,' on the warrant, or written out.” This shows very clearly that the idea upon which the petition was filed, was, that a judgment was not valid unless written upon the warrant. We ''have held that this is not necessary, but it is sufficient to enter it upon the docket of the justice. That is proved to have been the case in this instance. The petition clearly shows that he considered himself bound as stayor if there was a *349 good and valid judgment against the principals, Windle & Keeton. At all events, he makes no other objection to his liability, and that being against him, he must be held bound, although there may be other valid objections that he might have taken to the proceedings.
In the case of McDowell v. Turney, 5 Sneed, 228, it is said that, “ the office of the petitioner is to bring to the notice of the Court the grounds upon which the party seeks relief from the judgment or execution complained of.”
It will not do to permit stayors to escape upon formal and unsubstantial grounds, after having delayed the judgment creditor until his debtors fail, and thereby cause the loss of honest debts that could otherwise have been collected.
Upon the whole, we are of opinion that the only ground upon which the petitioner could rely before the Court, was against him, and the judgment below should have been in favor of the plaintiffs, and the petition dismissed..
We, therefore, reverse the judgment, and order the super-sedeas to be discharged, and judgment rendered here against the petitioner and his sureties.